[No. 39744.  Department One.  April 3, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. WINSTON LEE VIDOR, *Appellant.**

*Richard E. Kane* (of *Kadish & Kane*) and *William Gaffney,* for appellant.

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson,* for respondent.

*Reported in 452 P.2d 961.

FINLEY, J.—The appellant Winston Lee Vidor was charged and convicted of unlawful possession of a narcotic drug (marijuana) in the Superior Court for Pierce County. The case was tried to the court sitting without a jury.

No statement of facts has been filed in this appeal. The trial judge made and entered detailed findings of fact. No error is assigned to these, and they will be accepted as verities in this appeal pursuant to a long line of decisions of this court which need not be cited.

From the findings of the trial judge, the fact pattern, herein, insofar as material and relevant, may be summarized as follows. The appellant, age 24, who is a permanent resident of California, returned from there for a visit in the home of his mother in the city of Tacoma, Washington. His mother received no compensation from him for room and board or otherwise. She maintained exclusive possession and control of the house, including the bedroom occupied by appellant. The mother telephoned the Tacoma Police Department and requested someone be sent to her home to investigate a problem she was having with her son. A Tacoma police officer promptly responded to the telephone call and at the mother's request went to the room occupied by appellant. Appellant's mother pointed to "a pile of green shredded plant substance, on a chair seat near the door, and asked the officer if he could tell what it was." The officer explained he could not, but took a sample to be appropriately tested. The sample admitted as state's exhibit No. 2 was marijuana as defined in RCW 69.33.220(13). Among other things, the findings of fact note that a water pipe, apparently used in some circles for the smoking of certain substances, was found on a dresser in the bedroom occupied by appellant.

On the following day appellant's mother telephoned the Tacoma Police Department that her son had returned home. Police officers went to the home where they were admitted by appellant's mother and taken to the room being used by him. Thereupon the officers were given permission to search the room and any other part of the house. The pile of green shredded plant substance was not on the chair

but was found beneath a blanket under the bed. At this point, appellant was told that he was being placed under arrest. The substance seized at the time of the arrest (state's exhibit No. 3) was marijuana.

At the time of trial, defense counsel moved to suppress and exclude from evidence the state's exhibit No. 3 and the state's exhibit No. 2, *i.e.*, the marijuana taken by the police officers from the bedroom occupied by appellant in his mother's home. The trial court denied the motion and admitted the evidence. In the trial court and on appeal, the defense argued that the evidence was obtained pursuant to an illegal search and should have been suppressed under the "tainted evidence" doctrine of *Mapp v. Ohio,* 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684 (1961). The crux of this argument is that appellant's mother could not validly grant permission to the officers to search the bedroom in her home occupied by her son, the appellant. In this connection, it is emphasized that appellant was an adult, 24 years of age, and for this and other reasons had a constitutional right or immunity from the search effected by the Tacoma police officers.

As to the motion for suppression of evidence, the trial judge made and entered the following explicit conclusion of law:

> The first search conducted by Officer Higdon, on September 4, 1966, of the Tacoma Police Department was lawful and the evidence obtained therefrom (plaintiff's Exhibit No. 2) is sufficient upon which to base a finding of guilty; the second search, conducted by Lt. Grady and Officers Higdon and Goodwin shortly after midnight on September 5, 1967 [*sic*] was lawful, and the evidence obtained therefrom is also sufficient upon which to base a finding of Guilty.

Our decision in *State v. Clevenger,* 69 Wn.2d 136, 417 P.2d 626 (1966) is controlling. *Accord, Maxwell v. Stephens,* 348 F.2d 325 (8th Cir. 1965), *cert. denied,* 382 U.S. 944, 15 L. Ed. 2d 353, 86 S. Ct. 387, *and State v. Kinderman,* 271 Minn. 405, 136 N.W.2d 577 (1965), *cert. denied,* 384 U.S. 909, 16

L. Ed. 2d 361, 86 S. Ct. 1349. We fully agree with the disposition made of this matter by the trial judge.

■ In passing we note and emphasize the pertinency of the comment by the Supreme Court of Minnesota in *State v. Kinderman, supra,* as follows:

> in this case the consent was given by the father who did not wish to have property on his premises which did not belong there, and who joined with law enforcement officers in determining if such a fact were true. We can agree that the father's "house" may also be that of the child, but if a man's house is still his castle in which his rights are superior to the state, those rights should also be superior to the rights of children who live in his house. . . . In considering the reasonableness of a search of a home when the search is consented to by the father, the protection afforded to the child must be viewed in light of the father's right to waive it.

The search conducted by the Tacoma Police Department pursuant to permission given by appellant's mother was a lawful rather than a constitutionally unreasonable one.[1] The mother had every right to do what she did. In fact, it could be said it was her duty to act in support of and in compliance with existing positive law. Doubtless the situation was a trying and troublesome one for her. She is to be commended for her actions rather than rebuffed by the law and the courts.

The judgment should be affirmed. It is so ordered.

HUNTER, C. J., HAMILTON and McGOVERN, JJ., and COLE, J. Pro Tem., concur.

---

[1] It should be noted that the fourth amendment of the United States Constitution prohibits only "unreasonable searches and seizures."